# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**KEISHA DIXON**                                                                **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:05CV114-WHB-AGN**

**PLANET 4 KIDZ CORP. CARE, ET AL**                     **DEFENDANTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court *sua sponte* upon a review of the docket of the case. The Plaintiff filed his Complaint on February 17, 2005. By Order of the undersigned filed May 1, 2006, the Plaintiff was directed to have process served on the Defendants on or before May 15, 2006, or to show good cause why process had not been served. The Plaintiff was further advised that her case would be dismissed without further notice if she failed to serve process or contact the Court by that date.

A review of the docket indicates that the Plaintiff has still not caused process to be served on the Defendants or otherwise contacted the Court regarding her failure to serve process. The Plaintiff has counsel, who received a copy of the Order, and counsel did not respond to the Order. Obviously, the case has been settled or abandoned and should be dismissed.

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good

>cause for the failure, the court shall extend the time for service for
>an appropriate period. ...

The time period for serving process originally expired on or about June 17, 2005.  The Court did not dismiss the case at that time.  Instead, by the Order filed May 1, 2006, the Court gave the Plaintiff another two weeks to serve process and notified her that her case **would be dismissed** unless process was served by that date.  The Plaintiff has not done so.  She has not requested the Court for additional time to serve process.  This case should be dismissed without prejudice.

It is the opinion of the undersigned that the Complaint filed by the Plaintiff Keisha Dixon should be dismissed due to her failure to have the summons and complaint served on the named Defendants within 120 days of the filing of the Complaint.  The dismissal shall be without prejudice and entered pursuant to FED. R. CIV. P. 4(m).

The Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; ***Douglass v. United Services Auto. Ass'n***, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 23rd day of May, 2006.

S/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE